CLAUD D. ASHLOCK v. STATE.

No. 31,285. January 6. 1960.

*Chappell & Chappell*, by *John R. McFall*, Lubbock, for appellant.

*William J. Gillespie*, County Attorney, by *J. Q. Warnick, Jr.*, Assistant County Attorney, Lubbock, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the possession of vodka for the purpose of sale in a dry area; the punishment, a fine of $250.

It was stipulated that Lubbock County was a dry area.

The appellant lived in a room back of the building in which he conducted a business. He gave three officers his consent to search his place for intoxicating liquor. They found nothing in the business house or the bedroom. In the bedroom they saw a bunch of keys hanging on the wall, when asked about the keys appellant said he did not know anything about them. He agreed for the officers to use the keys to check on a car which he told them he did not know anything about.

Next, the officers went to a car located on a vacant lot. There was one lot between appellant's place and the lot the car was on. One of the keys they got in appellant's bedroom unlocked the door of the car. The officers found eight half pints of vodka in the car. The officers had seen a man named Nelson Gilmore many times where the car was parked.

Appellant, testifying in his own behalf, denied that the vodka belonged to him or that he knew anything about it but stated that he had sold N. D. (Nelson) Gilmore the car and gave him the keys to it about four months before; that he had several sets of keys in his bedroom but did not know whether any of them would fit the Gilmore car. He introduced the registration receipt of the car in which the vodka was found showing that N. D. Gilmore had been the record owner of it for about four months at the time of the search.

Appellant contends that the trial court erred in refusing to respond to his objections and charge the jury on the law applicable to circumstantial evidence.

There is no direct evidence that the appellant possessed or was criminally connected in any manner with the possession of the vodka in the car. Hence the failure of the court to charge upon the law of circumstantial evidence was error.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.